UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

SUNTERRA CORPORATION,

        DEBTORS,

_____

NO. 2-04-cv-0784-MCE-PAN (JFM)

SUNTERRA CORPORATION,

        Plaintiff,

   v.                      <u>ORDER</u>

PERINI BUILDING COMPANY, INC.

        Defendant.

_____

AND RELATED CROSS ACTIONS.

----oo0oo----

This litigation pertains to allegations of defective performance and materials in the construction of a resort facility located in South Lake Tahoe, California.

///

///

1

1  Defendant Perini Building Company, the contractor involved in the
2  construction project at issue, proceeded to file a third party
3  complaint designed to bring other allegedly responsible parties
4  into this litigation, including both J.W. McClenahan & Co.
5  ("McClenahan") and Savage & Son, Inc. ("Savage").  Both
6  McClenahan and Savage, through separate but virtually identical
7  motions, now request leave to file their own third party
8  complaints pursuant to Federal Rule of Civil Procedure 14(a).[1]
9  The proposed Third Party Complaints, which are also nearly
10 identical, seek to bring the manufacturer and supplier of a
11 shower valve escutcheon plate into the case as yet another
12 potentially responsible party for the alleged building defects
13 underlying this litigation.  According to both McClenahan and
14 Savage, they did not discover the potential involvement of that
15 manufacturer and supplier (American Standard Companies, Inc. and
16 Western Nevada Supply Co., respectively) until destructive
17 testing performed in October of 2005.  The identities of said
18 manufacturer and supplier were not discovered until even later,
19 and McClenahan and Savage allege that permitting their third
20 party complaints will assist in the expeditious and complete
21 resolution of this case by bringing together all responsible
22 parties.  No opposition to either motion has been made, and no
23 trial date has yet been established.
24 ///
25 ///
26 ///
27
28     [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

Rule 14 permits parties to bring a lawsuit against, or "implead," a third party who is not already a party to the lawsuit in order to transfer liability being asserted against it in the underlying lawsuit.  Specifically, Rule 14 provides:

> "at any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  (F.R.C.P. Rule 14(a)).

The District Court has broad discretion in determining the propriety of a third-party claim under Rule 14.  <u>Sw. Admin., Inc. v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986).  Rule 14 is to be construed liberally in favor of allowing impleader.  <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F.3d 389, 393 (1st Cir. 1999).

Given the moving parties' contention that shower valve escutcheon plates account, at least in part, for the alleged construction defects at issue in this lawsuit, McClenahan and Savage would have grounds to file separate lawsuits against the manufacturer and supplier of said plates for contribution and indemnity.  Accordingly, a third-party complaint against said manufacturer and supplier is proper, and both motions are GRANTED.[2]

///
///
///

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1  McClenahan and Savage are therefore granted leave of the Court to
2  file and serve their proposed third party complaints in this
3  matter.

5       IT IS SO ORDERED.

7  DATED: June 27, 2006

```
                              _____
                              MORRISON C. ENGLAND, JR
                              UNITED STATES DISTRICT JUDGE
```