IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNTERRA CORPORATION, LAKE TAHOE RESORT PARTNERS LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PERINI BUILDING COMPANY<br><br>Defendant.<br><br>AND RELATED CROSS ACTIONS | Case No. 2:04-cv-00784 MCE-EFB<br><br><br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

The following procedures shall be followed by the parties to facilitate the orderly, efficient and expeditious exchange of documents containing confidential information, including, but not limited to trade secrets or proprietary information (collectively "Confidential Information") while minimizing the potential for unauthorized disclosure of such documents and/or information:

1. Any party to this action or any third party from whom discovery is sought who alleges in good faith that a document produced following the execution of this agreement constitutes or contains Confidential Information may designate such material as "Confidential" subject to this Protective Order provided that the party complies with the requirements in paragraphs 2 and 3.

///

///

2. In designating documents or information as "Confidential" a party shall make such designation only as to materials which that party in good faith believes contains Confidential Information which is not generally known or publicly available, and which has not been revealed to third parties other than those subject to a protective order or confidentiality agreement.

3. Each document, or set of documents, designated as "Confidential" following the execution of this agreement must be clearly marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or a reasonable facsimile thereof.

4. Material designated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" and produced by the parties during discovery shall be used solely for purposes of the instant action. Confidential Information, as well as summaries, excerpts, and compilations of information contained in such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order.

5. Access to and/or disclosure of information designated as being Confidential Information shall be permitted only to the following persons:

    a. The parties to this action;

    b. The officers, directors, or employees of a party or their agents, insurers, adjusters or accountants;

    c. Counsel for the parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and copying services, who are working on this action (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this action. Such employees, assistants, contractors, and agents of counsel to whom such access is permitted and/or disclosure is made shall, prior to such access or disclosure, be advised of, and become subject to, the provisions of this Protective Order;

    d. Any non-party whose deposition has been noticed in this action, but only after being orally admonished about the confidential nature of documents used or referred to during the deposition. The Court reporter will keep any confidential documents physically separated and numbered differently from other non-confidential documents used during the taking of depositions;

       e.    Experts and consultants retained by the parties to assist in this action, but only after having read this Protective Order and having executed the form attached hereto as Exhibit "A";

       f.    Court reporters in this action (whether at depositions, hearings, or any other proceeding); and

       g.    The Court and necessary Court personnel.

6.    If a party desires to use Confidential Information for a proceeding before the Court, that party is required to lodge the document with the Court and to simultaneously (with the lodging of the document), put the affected parties on notice.  The burden of establishing that such material is entitled to judicial protection pursuant to this Protective Order shall be in accordance with Federal law or, as may be appropriate, California law.

7.    If Confidential Information is inadvertently produced without being designated in accordance with this Protective Order, the failure to so designate the document or other material shall not be deemed a waiver of its confidentiality.  If a party or its counsel discovers that such document or material has been produced inadvertently without the proper designation, such party or its counsel shall take prompt and reasonable steps to attempt to have the document or material designated as Confidential Information pursuant to paragraphs 1 through 4 of this Protective Order or returned to the party producing the document.

8.    If any designated Confidential Information under the terms of this Protective Order is disclosed by a receiving party to any person other than in the manner authorized by this Protective Order, the receiving party responsible for disclosure shall bring all pertinent facts relating to the disclosure of such Confidential Information to the immediate attention of the designating party.

9.    This Protective Order shall be without prejudice to the right of the Court, on its own motion, to modify this Order or the right of any party (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (b) to present a motion to the Court for a separate Protective Order as to any particular document or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

10. Any party may object to the designation of any information or document as "Confidential" pursuant to this Protective Order. To the extent such objection is not resolved informally by meet and confer, it shall be resolved by the Special Master on motion by the party seeking protection of the Confidential Information. The burden of proof on such a motion shall be in accordance with Federal law or, as may be appropriate, California law.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this Stipulation without involving the Court unnecessarily in this process. Neither this Protective Order, nor the production of any information or document(s) under the terms of this Protective Order, shall be deemed to have the effect of an admission or waiver by any party or an abrogation of the confidentiality or non-confidentiality of any such information or document(s) or alteration of any existing obligation of any party or the absence thereof.

12. All obligations and duties arising under this Protective Order and under any acknowledgment or agreement pursuant to this Order shall survive the termination of this action.

13. Upon final termination of this action, this Protective Order will terminate automatically. In addition, each party subject to this Protective Order shall assemble and return to the producing party or destroy all copies of all documentary material or memoranda embodying information designated "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

A party opting to destroy confidential documents or other materials shall give written notice to the designating party confirming the destruction of all such materials in that party's possession.

IT IS SO ORDERED.

DATED: October 31, 2007

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

I have been provided with a copy of the Protective Order Regarding Confidential Information in the case entitled <u>Sunterra et al. vs. Perini et al.</u>, United States District Court for the Eastern District of California Case No. 04-CV-00784 MCE (PAN) ("Protective Order") and have read and understood it and the limits it places upon my use of information that is governed by the terms of the Order.

I understand that such information is provided to me solely for the purpose of assisting counsel or providing evidence or information in this case, and that I am forbidden by the Protective Order from employing such information for any other purpose and from disseminating such information except as provided in the Protective Order. I understand that I am to make copies of any documents containing such information only where appropriate and that any such documents are to remain in my personal custody until I have completed my assigned duties, at which point they are to be destroyed or returned to counsel who provided me with them.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, 2007

at _____.

by: _____

_____
Print Name