UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SUNTERRA CORPORATION, et al., | No. 2:04-cv-0784 MCE DAD |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| PERINI BUILDING COMPANY, INC., et al., | |
| Defendants. | |

Defendants, Perini Building Company and Perini Corporation, filed the present Motion to Dismiss Plaintiffs' Fourth (Breach of Subcontractor Warranties Against Perini Building Company), Sixth (Strict Liability Against Perini Building Company), and Ninth (Declaratory Relief Against Perini Corporation) Causes of Action. Plaintiffs have withdrawn their Fourth Claim, and Defendants' Motion as to Plaintiffs' Sixth Claim is denied. The Court requests supplemental briefing as to Plaintiffs' Ninth Claim.[1]

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com

## BACKGROUND[2]

Lake Tahoe Resort Partners, LLC ("LTRP") is a wholly-owned subsidiary of a Diamond Resorts Corporation holding company, which is, in turn, a wholly-owned subsidiary of Diamond Resorts (formerly known as Sunterra Corporation). In 1996, LTRP contracted with Perini Building Company for the development of the Lake Tahoe Vacation Resort ("Resort"). At the same time, LTRP and Perini Corporation entered a Guaranty of Performance and Indemnity Agreement under which Perini Corporation guaranteed the performance of Perini Building Company. Perini Building Company then began construction of the Resort.

Sunterra, along with various affiliated entities, subsequently initiated bankruptcy proceedings. During those proceedings, Sunterra discovered a number of defects alleged to have occurred in the construction of the Resort. Thus, in 2002, Sunterra instituted the current action against Perini Building Company to recover for those deficiencies. On June 20, 2008, Diamond Resorts filed its First Amended Complaint ("FAC") adding a number of Plaintiffs, a second Defendant, Perini Corporation, and new causes of action. Currently before the Court is Defendants' Motion to Dismiss three causes of action alleged in that FAC.

///
///
///

---

[2] The following facts are derived from Plaintiffs' First Amended Complaint ("FAC").

2

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///
///

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  A court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**I.   FOURTH CAUSE OF ACTION: BREACH OF SUBCONTRACTOR WARRANTIES AGAINST PERINI BUILDING COMPANY**

Plaintiffs have agreed to voluntarily dismiss their Fourth Cause of Action.  Thus, Plaintiff's claim for breach of the subcontractor warranties is dismissed with leave to amend.

**II.  SIXTH CAUSE OF ACTION: STRICT LIABILITY AGAINST PERINI BUILDING COMPANY**

Plaintiffs contend that Defendants are strictly liable for the construction defects alleged to have occurred during the development of the Resort.  "A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being."  Greenman v. Yuba Power Products, Inc., 59 Cal. 2d 57, 62 (1963).
///

4

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com

Nevertheless, "the doctrine of products liability does not apply as between parties who: (1) deal in a commercial setting; (2) from positions of relatively equal economic strength; (3) bargain the specifications of the product; and (4) negotiate concerning the risk of loss from defects in it." Kaiser Steel Corp. v. Westinghouse Elec. Corp., 55 Cal. App. 3d 737, 748 (1976).

The only current issue before the Court is whether Plaintiffs' claim is viable under the rule handed down in Kaiser Steel. Defendants argue that Plaintiffs cannot maintain a strict liability action because the parties engaged in a commercial transaction and because they were each able to bargain regarding the allocation of the risk of loss. Defendants find support in the case of Gentry Construction Co. v. Superior Court, 212 Cal. App. 3d 177 (4th Dist. 1989). That court stated, "Plainly a developer, who has the ability to protect itself from the risks posed by defective products, cannot recoup damage it suffers by way of a claim for strict liability in tort." Id. at 183. The court also determined that "a commercial plaintiff may not rely upon the doctrine of strict liability to recover its losses." Id. at 180.

Nevertheless, the commercial nature of the entity and negotiations is part and parcel of the Kaiser Steel test, but does not comprise the whole. Therefore, despite the strong language in Gentry Construction, this Court is not willing to state that commercial entities are, as a matter of law, unable to maintain strict liability claims.
///

5

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com

See Int'l Knights of Wine, Inc. v. Nave Pierson Winery, Inc., 110 Cal. App. 3d 1001, 1006-1007 (2d Dist. 1980), abrogated on other grounds by Sacramento Regional Transit Dist. v. Grumman Flxible, 158 Cal. App. 3d 289 (3d Dist. 1984). In this case, the extent and nature of any negotiations, the parties' relative economic strength, and their ability to allocate potential losses, all factual inquiries, are not evident from the face of the FAC. Moreover, while the Court can reasonably infer that discussions concerning the development of a resort property were conducted in a commercial setting, that inference alone is insufficient to warrant dismissal. Accordingly, even if the prospect of Plaintiffs' ultimate success on their strict liability claim may be remote, this Court is unwilling to say at the pleading stage that the possibility is merely speculative, and Defendants' Motion to Dismiss Plaintiffs' Sixth Cause of Action is denied.

**III. NINTH CAUSE OF ACTION: DECLARATORY RELIEF AGAINST PERINI CORPORATION**

Finally, Plaintiffs argue that Perini Corporation is directly liable to them under the terms of the alleged Guaranty of Performance and Indemnity Agreement. Thus, Plaintiffs seek a "judicial determination of [their] rights and duties, and a declaration that [Perini Corporation] is wholly liable for all damages incurred herein..."

Defendants argue, *inter alia*, that Plaintiffs' claim against Perini Corporation, a newly added defendant, is time-barred. Plaintiffs disagree and argue that their claim has yet to accrue.
///

6

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com

Pertinent to the parties' dispute is the nature of the contract (*i.e.*, whether it is a guaranty agreement, an indemnity agreement, or both), which cannot be determined from the FAC. Consequently, this Court is unable to reach a reasoned decision as to Defendants' Motion without reviewing the document itself. Accordingly, within ten (10) days of this Order, both parties are simultaneously directed to provide the Court with supplemental briefing regarding the nature of this contract. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting that motion to one for summary judgment.), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). The briefs should include a copy of the referenced agreement and must not exceed ten (10) pages per side, not inclusive of that document.

## CONCLUSION

Plaintiff's Motion to Voluntarily Dismiss their Fourth Cause of Action is GRANTED with twenty (20) days leave to amend. Accordingly, Defendants' Motion to Dismiss that claim is DENIED. Defendants' Motion to Dismiss Plaintiffs' Sixth Cause of Action is DENIED as well. The parties are directed to simultaneously submit supplemental briefing as to the nature of the agreement on which Plaintiffs' Ninth Cause of Action is based.
///

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com

1  The briefs must be submitted within ten (10) days of this order,
2  must include a copy of the agreement, and must not exceed ten
3  (10) pages per side, not inclusive of that document itself.  The
4  Clerk of the Court is directed to schedule this matter for
5  hearing on **December 5, 2008.**
6       IT IS SO ORDERED.
7  Dated: November 14, 2008

             _____
             MORRISON C. ENGLAND, JR.
             UNITED STATES DISTRICT JUDGE

8

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com