PETER H. DEKKER, SPECIAL MASTER
GRIFFITHS, CASTLE & LAWLOR GOYETTE
2000 Crow Canyon Place, Suite 190
San Ramon, CA  94583
(925) 904-0111
(925) 904-0110  Fax

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNTERRA CORPORATION, | Case No.:   2:04-cv-00784 MCE EFB |
| Plaintiff, | |
| vs. | RECOMMENDED FINDINGS AND RULINGS |
| PERINI BUILDING COMPANY, et al. | RE: PERINI BUILDING COMPANY'S MOTION FOR SANCTIONS AGAINST PLAINTIFF |
| Defendants. | |
| AND RELATED CROSS-ACTIONS     / | |

Defendant and cross-complainant Perini Building Company's (Perini) Motion for Sanctions Against Plaintiff, Diamond Resorts Corporation and It's Affiliated Entities (Plaintiff) came on regularly for hearing on November 7, 2008 before Peter H. Dekker, having been appointed Special Master pursuant to stipulation of the parties and Court Order.

The Special Master having heard oral argument and considered the moving papers, opposition and reply briefs thereto, makes the following recommended findings and rulings.

///

///

///

///

1

PDF created with pdfFactory trial version www.pdffactory.com

## BACKGROUND

This case involves alleged design and construction defect claims at the Diamond Resorts timeshare project located in South Lake Tahoe, California. The Special Master has been actively involved in coordinating all aspects of case management matters, including but not limited to, setting inspections and testing at the project, scheduling and attending expert meetings and more recently setting and attending settlement conferences.

The present Motion for Sanctions brought by Perini concerns settlement conference dates set by the Special Master on August 25, 2008 and August 26, 2008. Trial is scheduled in this matter on March 1, 2010.

## PERINI MOTION FOR SANCTIONS

Perini brings this motion for sanctions against Plaintiff pursuant to the Federal Rules of Civil Procedure, Local Rules, and Discovery Orders issued in this case. Specifically, on June 16, 2008, the Court signed Discovery Order No. 5 which provided in paragraph 8, scheduling settlement conference dates on August 25, 2008, August 26, 2008 and August 27, 2008. The language contained in Discovery Order No. 5 specifically ordered all counsel, principals and insurance claims representatives with full settlement authority to attend.

Perini contends that Plaintiff violated the language contained in Discovery Order No. 5 because they did not have a representative with full settlement authority in attendance during the August 2008 settlement conference dates. Moreover, Perini argues that counsel for only one of the two Plaintiff's firms was in attendance during the August settlement conference dates and Perini was informed and believed that the attorney in attendance from Berding & Weil, Ms. Allison Anderson, did not have specific authority to make settlement decisions at that time.

Perini further contends that because Plaintiff did not have their principal or lead counsel present during the August 2008 settlement conferences, Perini was unable to make any settlement offer to Plaintiff at that time. Perini suggests in their moving papers that the August 2008 settlement conference dates were unsuccessful, a waste of time, and Perini was prejudice and damaged as a result. Perini's sanction request is based on expenses incurred by Perini's counsel and claims representatives who are located out of state and attended the August 2008 settlement conferences.

PDF created with pdfFactory trial version www.pdffactory.com

Specifically, Perini's ISOP representative James Corona is based out of New York, and Perini's general counsel, Scott Ryan is based out of Arizona.

Perini concludes that the absence of the Plaintiff's principals and lead counsel at the August 2008 settlement conferences hindered the settlement negotiations and that the settlement conferences were a "wasted effort". Perini is requesting monetary sanctions against Plaintiff in the amount of $7,223.17.

## **PLAINTIFF'S REPLY**

Plaintiff opposes Perini's request for sanctions and contends that prior to the August 2008 settlement conferences, Plaintiff's lead counsel had discussions with the Special Master whereby the Special Master verbally excused Plaintiff's principals, not their attorneys, from attending. In addition, Plaintiff argues that although their principals were not in attendance during the August 2008 settlement conferences, Plaintiff's counsel from Berding & Weil, Ms. Anderson, was prepared had full settlement authority to negotiate with the defense at that time.

In light of these circumstances, Plaintiff argues Perini's request for sanctions should be denied.

## **SPECIAL MASTER'S RECOMMENDED FINDINGS AND RULINGS**

Following careful review of the evidence including written and oral arguments presented to date, the Special Master is not persuaded that Perini has met the burden of proof to establish an award of sanctions under the circumstances. Perini has not provided sufficient credible evidence supporting their request for sanctions against Plaintiff. Perini suggests they *believed* that counsel present on behalf of Plaintiff during the August 2008 settlement conferences did not have authority to negotiate with the defense. The Special Master is unclear as to why Perini was under the belief that Ms. Anderson, Plaintiff's counsel, was unable or did not have specific authority to negotiate with the defense at that time.

There are approximately 35 subcontractors and design professionals in this case. The Special Master met with each of those parties and their carrier representatives on August 25, 2008 and August 26, 2008 to discuss their settlement positions. In light of the number of parties involved in this case, the Special Master ordered counsel for Perini to circulate a schedule for subcontractor parties and claims representatives to show up to the August 25 and August 26 settlement conference dates. After meeting with the subcontractor parties and their claims representatives over the two day settlement conference session, late in the day on August 26, 2008 the Special Master met privately with Perini to

3

PDF created with pdfFactory trial version www.pdffactory.com

discuss settlement matters, including whether Perini intended to make any settlement offer to plaintiff. At that time, Perini, *for the first time* raised a concern with the Special Master, about Plaintiff's failure to have a principal or lead counsel present. Perini did not bring this matter to the attention of the Special Master on August 25, 2008 or earlier in the day on August 26, 2008.

Perini suggested at that time that Plaintiff's counsel present from Berding & Weil did not have authority to negotiate or provide a counter offer to the defense. In addition, Perini suggested that the only representative on behalf of Plaintiff that would be in a position to settle the case and have the authority to negotiate with the defense was Mr. Klubeck, the owner of Diamond Resorts. This was the first time the Special Master had ever heard of Mr. Klubeck and the position being taken by Perini. Perini had not made a specific request prior to the August settlement conference dates that Mr. Klubeck be ordered to attend.

Upon learning this information from Perini, the Special Master discussed the matter with Plaintiff's counsel, Ms. Anderson. Plaintiff's counsel assured the Special Master that she had the specific authority to negotiate, that Mr. Klubeck did not need to be in attendance, and that she was ready, willing and able to negotiate with the defense should an offer be presented at that time. The Special Master's notes are very clear on this matter that Plaintiff's counsel specifically relayed she had the authority to negotiate during the August 2008 settlement conferences. The Special Master's recollection related to these discussions is also very clear.

The Special Master then communicated Plaintiff's information that she had the authority to negotiate with Perini. Following further private discussions between Perini and their principals, it was communicated to the Special Master that no offer would be made to Plaintiff unless and until Mr. Klubeck was in attendance. Perini continued to believe, contrary to the Special Master's communications, that Ms. Anderson did not have the authority to negotiate and that Mr. Klubeck's personal participation was necessary in order to negotiate with the defense.

Additionally, Perini requested of the Special Master that Mr. Klubeck be personally ordered to attend all future settlement conference dates and that future Court Orders reflect such request.

The matter concerning Mr. Klubeck's personal participation at future settlement conferences was brought to attention of Judge England by the Special Master following the August 25, 2008 and August 26 settlement conference dates. The request presented by Perini was rejected by Judge England. Judge

4

PDF created with pdfFactory trial version www.pdffactory.com

England stated that he would not order specific parties to appear at future settlement conference dates. However, he instructed the Special Master to advise all parties that principals and counsel with full settlement authority should be in attendance at future settlement conference dates. Furthermore, if parties did not have appropriate authority to negotiate or settle the case, Judge England would entertain motions for sanctions at that time. In light of Judge England's order, Mr. Klubeck was not in attendance on behalf of Plaintiff during the three day October 2008 settlement conference dates.. However, it is interesting to note that the Plaintiff representatives and their counsel in attendance did in fact negotiate with Perini and the subcontractors during the three day October 2008 settlement conference dates. Specifically, Ms. Anderson from the Berding & Weil firm actively participated in settlement negotiations and decisions on behalf of Plaintiff at that time.

In summary, the Special Master is not persuaded that the evidence presented and the legal authority cited in any way supports Perini's motion for sanctions based on the circumstances presented. Perini was under the mistaken belief that Plaintiff's counsel did not have the authority to negotiate during the August 25, 2008 and August 26, 2008 settlement conference dates. The facts presented clearly show otherwise. Moreover, Perini's belief that Mr. Klubeck was the sole person on behalf of Plaintiff that had or currently has the authority to negotiate with the defense is not supported by the facts as well. The Special Master further believes that Perini's suggestion that the August 25, 2008 and August 26, 2008 settlement conference dates were a "wasted effort" is perplexing. The Special Master spent considerable time and effort over the two day settlement conference session with the subcontractors and their claims representatives which resulted in substantial settlement monies being raised on behalf of the subcontractor group. The Special Master believes the August 25, 2008 and August 26, 2008 settlement conference dates were productive and meaningful with respect to the settlement process.

///

///

Although no offer was presented to Plaintiff following the August 25, 2008 and August 26, 2008 settlement conference dates, the Special Master believes that all parties who participated including Perini, Plaintiff and the subcontractors and design professionals, did so in good faith.

Perini's Motion for sanctions is denied.

PDF created with pdfFactory trial version www.pdffactory.com

RECOMMENDED:

Dated:  November 21, 2008         /S/ PETER H. DEKKER
                                  PETER H. DEKKER, Special Master

IT IS SO ORDERED.

DATED: January 6, 2009

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6

PDF created with pdfFactory trial version www.pdffactory.com