UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNTERRA CORPORATION, et al., | No. 2:04-cv-00784-MCE-EFB |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| PERINI BUILDING COMPANY, INC., et al., | |
| Defendants. | |

----oo0oo----

Presently before the Court is Perini Corporation's Motion to Dismiss Plaintiffs' Ninth Cause of Action as alleged in their First Amended Complaint ("FAC").[1]  For the following reasons, Defendant's Motion is granted.

---

[1] On November 17, 2008, the Court issued a Memorandum and Order disposing of Perini Building Company's Motion to Dismiss Plaintiffs' fourth and sixth causes of action.  In that Order, the Court requested further briefing on Defendant's Motion to Dismiss Plaintiffs' Ninth Cause of Action.  Since then, Plaintiffs filed a Second Amended Complaint ("SAC") incorporating the Court's decision.  Plaintiffs' claim for declaratory relief is the eight cause of action in the SAC.  Thus, the Court will interpret Defendant's Motion to be directed at both the ninth cause of action in the FAC and the eight cause of action in the subsequent SAC.

1

PDF created with pdfFactory trial version www.pdffactory.com

**BACKGROUND**[2]

Lake Tahoe Resort Partners, LLC ("LTRP") is a wholly-owned subsidiary of a Diamond Resorts Corporation holding company, which is, in turn, a wholly-owned subsidiary of Diamond Resorts (formerly known as Sunterra Corporation). In 1996, LTRP contracted with Perini Building Company for the development of the Lake Tahoe Vacation Resort ("Resort"). At the same time, LTRP and Perini Corporation entered a Guaranty of Performance and Indemnity Agreement (Agreement) under which Perini Corporation ("Defendant") guaranteed the performance of Perini Building Company. Perini Building Company then began construction of the Resort.

Sunterra, along with various affiliated entities, subsequently initiated bankruptcy proceedings. During those proceedings, Sunterra discovered a number of defects alleged to have occurred in the construction of the Resort. Thus, in 2002, Sunterra instituted the current action against Perini Building Company to recover for those deficiencies. On June 20, 2008, Diamond Resorts filed its FAC adding a number of Plaintiffs, a second Defendant, Perini Corporation, and new causes of action. Currently before the Court is Defendant's Motion to Dismiss Plaintiffs' claim for declaratory relief regarding the parties' rights and obligations under the Agreement.

///
///

---

[2] For convenience, the relevant facts from the Court's November 17, 2008, Order are repeated here.

PDF created with pdfFactory trial version www.pdffactory.com

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///
///

3

PDF created with pdfFactory trial version www.pdffactory.com

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  A court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**I.   PLAINTIFFS HAVE FAILED TO STATE AN INDEMNITY CLAIM**

First and foremost, the parties disagree as to whether Plaintiffs' declaratory relief claim is properly couched in terms of an indemnity agreement or a guaranty agreement.  "Indemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person."  Cal. Civ. Code § 2772.  "A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor."  Id., § 2787.  "A guarantor makes a direct promise to perform the principal's obligation in the event the principal fails to perform.  An indemnitor does not make a direct promise to perform the principal's obligation, but promises to reimburse the indemnitee for losses suffered or to hold the indemnitee harmless."

4

PDF created with pdfFactory trial version www.pdffactory.com

1 | <u>Trust One Mortg. v. Invest American Mortg.</u>, 134 Cal. App. 4th
2 | 1302, 1309 (4th Dist. 2005).
3 |     The Agreement entered into by LTRP and Defendant contains an
4 | indemnity clause that states as follows:

> In addition to the guaranties given by Guarantor under this Agreement, and without limiting the terms and conditions thereof, Guarantor hereby agrees to indemnify and hold Owner harmless from and against any and all damage, cost, loss, claim, demand, expense, or liability (including attorneys' fees and expenses), arising directly or indirectly from Contractor's failure to perform Contractor's Obligations or from Contractor's breach of any covenant, representation, warranty or indemnity contained in the Construction Agreement or arising therefrom.

Agreement, § 7. Based on the foregoing language, Plaintiffs argue that Defendant is required to indemnify them for the losses Plaintiffs suffered as a result of Perini Building Company's alleged breach of the construction contract.

    Nevertheless, according to Plaintiffs, their "claim for indemnity does not accrue until Perini Building Company is found liable for breach and Perini Corporation's indemnity obligations are triggered." Plaintiffs' Supplemental Brief, 5:26-28. Though, as discussed below, the parties disagree as to whether the applicable statute of limitations has run as to Plaintiffs' potential guaranty claim, Plaintiffs contend that their rights under the indemnity clause have not yet accrued because Perini Building Company's liability has not been established. Thus, Plaintiffs do not now allege Perini Corporation is currently liable under the Agreement and instead seek declaratory relief as to the relative future obligations of the parties.
///
///

5

Plaintiffs' analysis misses the mark. "In indemnity contracts the engagement is to make good and save another from loss upon some obligation which he has incurred or is about to incur <u>to a third person</u>, and is not, as in guaranty and suretyship, a promise to one to whom another is answerable...The essential distinction between an indemnity contract and a contract of guaranty or suretyship is that the promisor in an indemnity contract undertakes to protect his promisee against loss or damage through a liability on the part of the latter to a third person, while the undertaking of a guarantor or surety is to protect the promisee against loss or damage through the failure of a third person to carry out his obligations to the promisee." <u>Somers v. United States Fidelity & Guaranty Co.</u>, 191 Cal. 542, 547 (1923), (emphasis added) (internal quotations and citations omitted).

Plaintiffs allege that they have been injured as a direct result of Perini Building Company's alleged breach of the construction contract. Plaintiffs are not asking the Court to determine that Perini Corporation need indemnify Plaintiffs against Plaintiffs' own alleged liability to some hypothetical third party. Rather, Plaintiffs seek indemnification only for injuries allegedly suffered by Plaintiffs as a result of Perini Building Company's alleged, but not yet established, liability to them. That is not an indemnity claim and can only be construed as a guaranty. Thus, Plaintiffs have failed to state a claim against Perini Corporation for indemnification.

///
///

6

PDF created with pdfFactory trial version www.pdffactory.com

## II. PLAINTIFFS' GUARANTY CLAIM IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

It follows that Plaintiffs' declaratory relief claim is properly construed as arising under the guaranty of performance provisions of the Agreement.  In that regard, the Agreement states in pertinent part:

> Guarantor hereby absolutely and unconditionally guarantees to and for the benefit of Owner, and independently assumes liability to Owner, without any requirement whatsoever of resort by Owner to any other party, that in the event Contractor fails to complete the construction of the improvements as described in the Construction Agreement...or fails to perform its other obligations thereunder, or in any manner defaults under the Construction Agreement, then, within five (5) days after written demand by Owner, Guarantor will immediately assume all responsibility for the completion of the Improvements under and in accordance with all terms and disbursement procedures of the Construction Agreement and shall unconditionally guarantee, fulfill and perform all obligations of Contractor under the Construction Agreement.

Agreement, § 1.  Thus, it appears from Plaintiffs' allegations and the terms of the Agreement that LTRP and Perini Corporation entered a valid guaranty agreement under which Plaintiffs could state a claim.  However, the applicable statute of limitations poses a complete bar to what may otherwise be a cognizable cause of action.

Pursuant to California Code of Civil Procedure § 337 "[a]n action upon any contract, obligation or liability founded upon an instrument in writing" must be commenced within four years.  Since the Agreement is a written contract, the parties agree that the four-year statute of limitations applies.

///
///

7

1     "[T]he liability of a surety...accrues at the same time as
2  that of the principal, or upon default of the principal."³  Bloom
3  v. Bender, 48 Cal. 2d 793, 799 (1957).  Under the discovery rule,
4  which is applicable here, "[d]epending on the theory of recovery,
5  a lawsuit alleging a latent defect in the construction of an
6  improvement to real property must be brought within three or four
7  years after the plaintiff discovers the defect, or should have
8  done so."  Lantzy v. Centex Homes, 31 Cal. 4th 363, 366 (2003).
9     This Court agrees with Defendants that Plaintiffs had to have
10 discovered the construction defects prior to filing their original
11 action.  This litigation was initiated in 2002, well over four
12 years prior to Plaintiffs' amendment of their Complaint to add the
13 only cause of action alleged against Defendant.  Therefore, even
14 if the cause of action based upon the guaranty did not accrue
15 until the defects were discovered, for accrual purposes such
16 discovery had to have occurred prior to the filing of this suit,
17 and Plaintiffs are now barred from pursuing such a claim.⁴

---

[3] Under California law there is no distinction between sureties and guarantors.  Cal. Civ. Code § 2787.

[4] The Court is aware that years after filing the original Complaint, and only after substituting new counsel and conducting further testing, Plaintiffs claim to have discovered additional defects.  The late discovery of these alleged defects does not change the fact that Plaintiffs had already previously uncovered defects sufficient to warrant the filing of their original suit against Perini Building Company.  Those same defects allegedly gave rise to a claim against Perini Corporation.  Thus, the statute of limitations applicable to claims arising from both the Guaranty Agreement and the construction agreement accrued as of Plaintiffs' initial discovery of the construction defects. Nevertheless, despite their actual knowledge of facts giving rise to a claim against Perini Corporation, Plaintiffs failed to file suit and cannot rely on after-discovered defects to sustain their current claim.

PDF created with pdfFactory trial version www.pdffactory.com

### A. Perini Corporation Did Not Waive the Protection of the Statute of Limitations Via the Agreement

Plaintiffs next contend that, per the Agreement, Perini Corporation and LTRP contracted to forego the protections of the applicable statute of limitations. Plaintiffs rest their argument on the following contract language:

> Guarantor hereby consents to: Any and all action or inaction by Owner (including, without limitation, election of remedies, amendment and enforcement), taken or forestalled in its sole and unfettered discretion, even though any rights and defenses which Guarantor may otherwise have by subrogation, reimbursement, indemnification or otherwise against Contractor or others may be diminished, destroyed, or otherwise adversely affected by any such alternation, impairment, suspension, termination, expiration, action or inaction. Accordingly, Guarantor agrees that it shall not be exonerated, released or discharged by application of and Guarantor hereby waives the benefits of, to the greatest extent permitted by law, Sections 2809, 2810, 2819, 2825, 2839, 2845, 2846, 2847, 2848 and 3433 of the California Civil Code or under any other law, rule, arrangement or relationship from its absolute, unconditional and independent liabilities hereunder by any such alteration, impairment, suspension, termination, expiration, action or inaction.

Agreement, § 4(c).

However, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641. Additionally, "[r]epugnancy in a contract must be reconciled, if possible, by such an interpretation as will give some effect to the repugnant clause, subordinate to the general intent and purpose of the whole contract." Id., § 1652. Finally, "[a] standard rule of contract interpretation is that when provisions are inconsistent, specific terms control over general ones."

9

<u>Southern California Gas v. City of Santa Ana</u>, 202 F. Supp. 2d 1129, 1134 (C.D. Cal. 2002).

Applying these fundamental rules of construction, the Court cannot accept Plaintiffs' interpretation of the Agreement because Plaintiffs' reading of section 4(c) is contrary to the plain language of section 18, which provides:

> This Guaranty shall be effective until the final completion of the improvements upon the Land, and satisfaction of all present and contingent obligations contemplated by the Construction Agreement, <u>but under no circumstances longer than</u> the time limits for warranties and correction of work set forth under Section 12.2.2 of the Heritage Green General Conditions of the Contract for Construction, AIA Document A201, 1987 Edition as modified by the Owner and Contractor, and <u>the applicable statutes of limitation set forth in Article 13.7</u> of such General Conditions.

Article 13.7 of the General Conditions then states:

> COMMENCEMENT OF STATUTORY LIMITATION PERIOD
>
> 13.7.1   As between the Owner and Contractor with respect to the Work:
>
> .1  Before Substantial Completion. As to acts or failures to act occurring prior to the relevant date of Substantial Completion, any applicable statute of limitations, except with respect to limitations based on discovery shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than such date of Substantial Completion;
>
> .2  Between Substantial Completion and Final Certificate for Payment. As to acts or failures to act occurring subsequent to the relevant date of Substantial Completion and prior to issuance of the final Certificate for Payment, any applicable statute of limitations, except with respect to limitations based on discovery shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than the date of issuance of the Final Certificate for Payment; and

PDF created with pdfFactory trial version www.pdffactory.com

> .3 After Final Certificate for Payment. As to acts or failures to act occurring after the relevant date of issuance of the final Certificate for Payment, any applicable statute of limitations, except with respect to limitations based on discovery shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than the date of any act or failure to act by the Contractor pursuant to any warranty provided under Paragraph 3.5, the date of any correction of the Work or failure to correct the Work by the Contractor under Paragraph 12.2, or the date of actual commission of any other act or failure to perform any duty or obligation by the Contractor or the Owner, whichever occurs last.

Thus, section 18, which incorporates section 13.7 of the General Conditions, clearly contemplates that the protections afforded by relevant statutes of limitations apply to the Agreement.[5] The Court cannot interpret the Agreement such that the more general language of section 4(c) nullifies the specific language of section 18 and its incorporation of section 13.7 of the General Conditions. Therefore, the Court rejects Plaintiffs' argument that Defendant expressly waived the application of California Code of Civil Procedure 337. The four-year limitations period controls.

---

[5] The Court disagrees with Plaintiffs' assertion that "Paragraph 13.7 specifically does not allow commencement of the statute of limitations for defects that were not discovered before the date of the final certificate of payment." Plaintiff relies on the phrase "except with respect to limitations based on discovery" to argue that the parties did not intend the relevant statute of limitations to apply at all to defects discovered after the Final Certificate of Payment. Contrary to Plaintiffs' assertions, Paragraph 13.7 does not state that the statute of limitations for undiscovered defects never accrues. Rather, it sets a concrete date for accrual of claims not subject to the discovery rule. The language of paragraph 13.7 makes clear that, regardless of the manner in which the accrual date is determined, the parties intended the relevant statute of limitations to apply.

PDF created with pdfFactory trial version www.pdffactory.com

## B. Plaintiffs' Current Claim Against Perini Corporation Does Not Relate Back to The Original Complaint

Finally, Plaintiffs argue that their declaratory relief cause of action relates back to their original Complaint under Federal Rule of Civil Procedure 15(c), which states:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(b) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Thus, a prerequisite to relation back under the federal rules is that Plaintiffs were mistaken as to the proper Defendant's identity upon filing of the original complaint. Such circumstances do not exist here.

In 2002, Plaintiffs originally filed suit only against Perini Building Company based on the construction contract. Nevertheless, LTRP originally contracted with both Perini Building Company and Perini Corporation as separate entities and now seeks to sue both entities individually. Plaintiffs were aware of the existence of both agreements and yet, until 2008, failed to file suit against Perini Corporation.

12

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff does not now seek to substitute a proper defendant. Instead, Plaintiffs have now alleged an entirely distinct claim against a before unmentioned entity. Rule 15(c) simply does not cover this set of circumstances.

Plaintiffs' reliance on <u>Smith v. Guaranty Service Corp.</u>, 51 F.R.D. 289 (N.D. Cal. 1970), is inapposite. In <u>Smith</u>, the court allowed additional claims to be made against a defendant passively named in the original complaint as a stakeholder. In the current case, Perini Corporation was not named at all in the original Complaint and cannot be brought in now. Thus, Plaintiffs have failed to state a claim against Perini Corporation.

**CONCLUSION**

Defendant's Motion to Dismiss Plaintiffs' Declaratory Relief Cause of Action (Docket Number 622) is granted with leave to amend.[6] Plaintiffs are directed to file a Third Amended Complaint, should they choose to do so, within twenty (20) days of this Order.

///
///
///
///
///

---

[6] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

PDF created with pdfFactory trial version www.pdffactory.com

1  If Plaintiffs do not file a Third Amended Complaint, Defendant
2  Perini Corporation will be terminated from this action and the
3  Court will address the Motion to Strike Plaintiffs' SAC (Docket
4  Number 686).
5       IT IS SO ORDERED.

Dated: January 13, 2009

                                          _____
                                        MORRISON C. ENGLAND, JR.
                                        UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com