UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUNTERRA CORPORATION,                    No. 2:04-cv-00784-MCE-EFB
et al.,

          Plaintiffs,

     v.                                  <u>MEMORANDUM AND ORDER</u>

PERINI BUILDING COMPANY, INC.,
et al.,

          Defendants.


                         ----oo0oo----


     Pursuant to Federal Rule of Civil Procedure 30(b)(6), Perini

Building Company and Perini Corporation (collectively

"Defendants") move to compel each Plaintiffs' designation of

persons most knowledgeable ("PMKs").  Plaintiffs are hereby

directed, consistent with the terms of this Order evaluating

Defendants' Rule 30(b)(6) Notices of Deposition filed December 4,

2008, to designate the requested PMKs.

///

///

                             1

1

**BACKGROUND**

2

3      Lake Tahoe Resort Partners, LLC ("LTRP") is a wholly owned
4  subsidiary of a Diamond Resorts Corporation holding company,
5  which is, in turn, a wholly owned subsidiary of Diamond Resorts
6  (formerly known as Sunterra Corporation).  In 1996, LTRP
7  contracted with Perini Building Company for the development of
8  the Lake Tahoe Vacation Resort ("Resort").  At the same time,
9  LTRP and Perini Corporation entered a Guaranty of Performance and
10 Indemnity Agreement under which Perini Corporation guaranteed the
11 performance of Perini Building Company.  Perini Building Company
12 then began construction of the Resort.
13      Sunterra, along with various affiliated entities,
14 subsequently initiated bankruptcy proceedings.  During those
15 proceedings, Sunterra discovered a number of defects alleged to
16 have occurred in the construction of the Resort.  Thus, in 2002,
17 Sunterra instituted the current action against Perini Building
18 Company to recover for those deficiencies.  On June 20, 2008,
19 Diamond Resorts filed its First Amended Complaint ("FAC") adding
20 a number of Plaintiffs, a second Defendant, Perini Corporation,
21 and new causes of action.  Since then, Plaintiffs have filed a
22 Second ("SAC") and then a Third Amended Complaint ("TAC").
23 Currently before the Court is Defendants' Motion to Compel
24 Plaintiffs' Designation of PMKs pursuant to Rule 30(b)(6).
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

Federal Rule of Civil Procedure 30(b)(6) provides that "a party may name as the deponent a public or private corporation...or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify...The persons designated must testify about information known or reasonably available to the organization."

Additionally, in its Discovery Order No. 5, the Court directed that "[o]n or before July 11, 2008 all parties shall exchange a list identifying the person or persons most knowledgeable (PMK) concerning the Sunterra project.  Each party shall state whether the individual or individuals identified on the list as a PMK is a current employee of the party and/or whether he or she will be produced for deposition by the party. If the listed individual is no longer an employee or cannot be produced by the party, counsel shall supply his or her last known address and telephone number."

Plaintiffs make numerous repetitive objections to Defendants' PMK requests.  Rather than address each objection to every specific category, the Court will address each general objection in turn.

///

///

3

**A.   Plaintiffs' Objections to Defendants' Request that Each Plaintiff Designate PMKs**

Plaintiffs object to Defendants' request that each named Plaintiff designate PMKs.  However, the plain language of Rule 30(b)(6) indicates that each party is to designate a witness as requested.  Additionally, in Discovery Order No. 5, the Court specifically stated "all parties" shall exchange the requisite information and "each party" shall make various statements.  Each Plaintiff is an entity separate and distinct from the remaining Plaintiffs and suing on its own behalf, and it is only logical that each Plaintiff be required to designate PMKs.

Nevertheless, Plaintiffs argue that efficiency and judicial economy demand a contrary finding.  According to Plaintiffs, requiring each entity to designate PMKs will result in taking the deposition of approximately 288 individuals.  Plaintiffs' argument is not entirely accurate.  There appears to be nothing preventing each Plaintiff from naming the same PMKs to testify as to a particular category if, indeed, that person is the most knowledgeable for that Plaintiff.  Moreover, one PMK may be able to testify as to multiple categories.  Therefore, the actual number of depositions required will likely be much lower than the 288 hypothesized by Plaintiffs.

Accordingly, Plaintiffs' objection is overruled, and each Plaintiff is ordered to individually respond to Defendants' 30(b)(6) requests by designating the requisite PMKs.

///

///

///

4

1    **B.   Plaintiffs' Objections to Defendants' Requests for**
2         **Designation of Persons No Longer Employed by Plaintiffs**

3         Plaintiffs responded to a number of Defendants' requests by
4    stating that they would endeavor to provide the name and address
5    of PMKs no longer in their employ.  However, Defendants seek PMK
6    designations not because they desire to uncover that which is in
7    the personal knowledge of the various PMKs, but because it is
8    only through such PMKs that Plaintiffs can testify.  Accordingly,
9    Defendants maintain that Rule 30(b)(6) requires Plaintiffs not
10   only to designate PMKs, but also to prepare those individuals to
11   testify on behalf of each entity.  Plaintiffs disagree contending
12   that, pursuant to this Court's above discovery order, they are
13   required only to provide names and addresses of those absent
14   individuals.  This Court agrees with Defendants.

15        Plaintiffs are not exonerated from their need to designate
16   PMKs simply because certain persons are no longer within
17   Plaintiffs' control.  To the contrary, "the deponent's testimony
18   is the corporation's testimony."  Bd. Of Trs. of Leland Stanford
19   Junior Univ. v. Tyco Intern. Ltd., 253 F.R.D. 524, 525-526 (C.D.
20   Cal. 2008).  "[I]n a Rule 30(b)(6) deposition, there is no
21   distinction between the corporate representative and the
22   corporation."  Id. at 526 (internal citations and quotations
23   omitted).  "In light of this, with regard to choosing a deponent
24   to speak on behalf of the corporation, companies have a duty to
25   make a conscientious, good-faith effort to designate
26   knowledgeable persons for Rule 30(b)(6) depositions and to
27   prepare them to fully and unevasively answer questions about the
28   designated subject matter."

1  Id., quoting Sprint Commc'n Co., L.P. v. Theglobe.com, 236 F.R.D.
2  524, 527-528 (D. Kan. 2006) (internal quotations omitted).
3  "Thus, even if the documents are voluminous and the review of
4  those documents would be burdensome, the deponents are still
5  required to review them in order to prepare themselves to be
6  deposed.  Such preparation is necessary because the individuals
7  so deposed are required to testify to the knowledge of the
8  corporation, not the individual."  Id., quoting Calzaturficio
9  S.C.A.R.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 37 (D.
10 Mass. 2001) (internal quotations omitted).

11      Consequently, despite the language employed in Discovery
12 Order No. 5, Plaintiffs simply cannot fulfill their obligations
13 under the Federal Rules by merely endeavoring to provide the name
14 and address of one who, though no longer employed, may previously
15 have qualified as a PMK.  To the contrary, each Plaintiff has an
16 affirmative duty to designate an individual and then to prepare
17 that individual to testify on its behalf.  Thus, any objection to
18 the designation of PMKs due to lack of control over such person
19 is overruled, and, pursuant to Rule 30(b)(6), each Plaintiff is
20 ordered to designate and prepare the appropriate PMKs.

21

22      **C.   Plaintiffs' Objections to Defendants' Requests for PMK
           Designations for Categories Formerly Withdrawn**
23

24      Plaintiffs next contend that Defendants should be precluded
25 from now requesting witnesses to testify as to categories that
26 Defendants previously agreed to withdraw.  Nonetheless,
27 Plaintiffs cite no law mandating such a conclusion, and the Court
28 sees no reason to limit Defendants' requests on this ground.

Therefore, in light of the liberal nature of the federal discovery rules, Plaintiffs' objection to currently requested categories that were previously withdrawn is overruled.

### D. Plaintiffs' Objections to the Relevancy of Defendants' Requests

Like other forms of discovery, PMK designations are limited in scope by Federal Rule of Civil Procedure 26(b)(1), which states, "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Despite this limitation, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. Pro. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

### 1.   Relevancy to "the Sunterra Project"

Plaintiffs correctly characterize this case as a construction defect case, but, relying on Discovery Order No. 5, proceed to argue that they need only produce PMKs to testify as to their own narrow interpretation of "the Sunterra project."
///

1  Defendants disagree with Plaintiffs' interpretation,
2  characterizing this action not only as encompassing Plaintiffs'
3  claims regarding construction defects, which also include claims
4  for direct and consequential damages, but also including
5  Defendants' own affirmative defenses, such as standing, statutes
6  of limitations and comparative negligence.  This Court will not
7  interpret the phrase "the Sunterra project" any narrower than the
8  Federal Rules require.  Thus, for the purposes of the parties'
9  30(b)(6) discovery motions, that term includes "any nonprivileged
10 matter that is relevant to any party's claim or defense," and the
11 relevance of such discovery is governed by Rule 26, not
12 Plaintiffs' proposed limitations.  Thus, Plaintiffs' objections
13 are overruled.

14
15      **2.    Relevancy of the Merger and Tender Offer**
16
17      The parties also dispute the relevancy of Plaintiffs'
18 various corporate changes, which occurred since the inception of
19 this suit.  As an initial matter, the Court is compelled to point
20 out that, to some extent at least, Plaintiffs have conceded the
21 legal relevance of the identity of and relationship between prior
22 and existing parties because Plaintiffs included a description of
23 each Plaintiffs' former name in their TAC, were willing to point
24 Defendants to various public sources of information regarding
25 their corporate changes, and Plaintiffs' counsel repeatedly
26 explained those changes to Defendants.  Even in their current
27 Opposition, Plaintiffs devote several pages to the history of
28 Sunterra and its relationship with Diamond Resorts.

8

If Plaintiffs feel obligated to explain their corporate changes repeatedly, to both the Court and Defendants, Plaintiffs, even if inadvertently, acknowledge the relevancy of the information.

Nevertheless, according to Plaintiffs, their 2007 corporate changes are not relevant to the current dispute because, *inter alia*, those changes are not related to "the Sunterra project." Defendants disagree arguing that "[t]he Property has been owned, overseen, managed, analyzed, valued and/or assigned to a variety of entities.  The current lead plaintiff, Diamond Resorts, was formerly known as Sunterra Corporation, which is understood to have been formerly known as Signature Resorts.  Signature Resorts was an active and participating entity at the time construction began in 1996.  Perini should be entitled to investigate how one entity became the next, and how alleged rights were assigned from one entity to the next...A knowledge and understanding of the corporate ownership history beyond the non-evidentiary representations made by plaintiffs' counsel is, in the defendants' opinion, required to fully understand the assignment of rights, duties and obligations, etc. as to several plaintiffs, in relation to each other and to Perini, and is directly relevant to Perini's affirmative defenses regarding statute of limitations, standing, and contributory negligence."  Defendants' Motion to Compel ("Motion"), 13:9-21 (emphasis in original).

Defendants further contend that they are entitled to obtain information relating to Plaintiffs' predecessors and to the merger because, for example, due to known defects in the Resort, Plaintiffs may have obtained a discount in the per-share tender offer price of the Sunterra stock.

However, because Defendants cite no authority supporting such a proposition, Plaintiffs argue that the theory is "baseless both in fact and law, revealing a misunderstanding of the manner in which a tender offer and reverse merger occur." Plaintiffs' Opposition to Defendants' Motion to Compel ("Opposition"), 12:8-9.

Nonetheless, for purposes of the current Motion, the issue is not whether Defendants can dispositively make their case, but whether the discovery sought is relevant to the parties' claims or defenses. Defendants are entitled to know who is bringing this action and how those Plaintiffs came to be before this Court. Keeping in mind the liberal nature of the discovery rules, this Court finds Plaintiffs' corporate history and relationship with one another relevant to the existing claims and defenses. Accordingly, Plaintiffs' objections to the relevancy of information regarding the merger and tender offer are overruled.

### 3.    Relevancy of Disputed Time Periods

Plaintiffs also object to Defendants' PMK requests to the extent Defendants seek information not previously relied upon by Plaintiffs. Notably, however, Plaintiffs have allegedly suffered "millions of dollars in damages during repair/remediation of the Property, including a significant claim for loss of use of timeshare units, lost sales, lost financing profits and lost rental revenues, all completely prospective claims." Motion, 11:11-13.

///

1    Additionally, "[P]laintiffs claim damages related to loss of
2    investment in the resort and loss of branding, marketing and
3    good-will of 'Sunterra' and 'Diamond.'" Id., 11:24-25.

4         Despite the magnitude and scope of the damages they allege,
5    Plaintiffs now attempt to limit the availability of historical
6    data to only that information actually relied upon by Plaintiffs
7    in reaching their own damages calculations.  Plaintiffs limit
8    some data to the year 2007, some to the years 2005-2007, and some
9    to the years 2004-2007.

10        Plaintiffs misconstrue their role in these proceedings.  It
11   is not for Plaintiffs to unilaterally dictate the relevancy of
12   evidence based on the parameters of their own calculations.
13   Though Plaintiffs might have seen fit to rely on data from one
14   year, or even several years, it is quite possible that
15   information covering a greater length of time will lead to
16   valuable, and admissible, evidence.

17        Therefore, Plaintiffs' objections are overruled and, as to
18   each of Defendants' requested categories not stricken by this
19   Court, Plaintiffs are ordered to designate PMKs prepared to
20   testify regarding the period from 1997 through the present.

21

22        **4.    Non-Plaintiff Financial Information**

23

24        Finally, Plaintiffs object to Defendants' requests for
25   profit and loss information relating to all Diamond entities, not
26   just those entities joined as Plaintiffs in this action.

27   ///

28   ///

11

According to Defendants, such information is necessary to trace any "stigma" damages other Diamond entities may have suffered as a result of the alleged construction defects. It is unclear how Plaintiffs would go about recovering stigma damages that they did not individually suffer. Plaintiffs cannot recover damages sustained by another entity unless those damages somehow affected the Plaintiffs themselves. Therefore, any stigma damages suffered by Plaintiffs should adequately be reflected in their own profit and loss information.

Accordingly, the relevance of the profit and loss information of scores of entities not a party to this action is simply too remote from the issues raised by Plaintiffs' Complaint to be considered legally relevant, and Defendants have not persuaded the Court otherwise. Therefore, Rule 30(b)(6)does not require Plaintiffs to produce witnesses prepared to testify as to all Diamond Resort entities' profits and losses and Defendants' requests will be limited to the production of witnesses prepared to testify as to the Plaintiff entities' financials.

### E. Plaintiffs' Miscellaneous Objections to Defendants' Requests

The Court notes that Plaintiffs also object to various of Defendants' categories on the grounds that, *inter alia*, Defendants' requests are vague, ambiguous, and, overbroad, seek expert testimony and seek information protected by the attorney-client and attorney work product privileges.

///
///

12

1  The Court does not find that these objections warrant any current
2  limitation on the requirement that Plaintiffs respond to
3  Defendants' 30(b)(6) requests.  Accordingly, Plaintiffs'
4  objections are overruled.

5

6                              **CONCLUSION**

7

8       Accordingly, Defendants' Motion to Compel is GRANTED
9  pursuant to the following modifications.  Defendants' Requests
10 for the designation of PMKs prepared to testify regarding "[a]ll
11 profits and losses with respect to all Diamond Resort
12 Corporations' timeshare entities and its affiliated and related
13 entities from 1997 to the present" shall be modified to require
14 designation of only those individuals prepared to testify as to
15 "all profits and losses with respect to the Plaintiff entities'
16 from 1997 to the present."  Additionally, any references to the
17 First Amended Complaint are to be substituted with references to
18 the now-operative Third Amended Complaint.

19      Defendants are ordered to serve modified Rule 30(b)(6)
20 Notices of Deposition on Plaintiffs within ten (10) days of this
21 Order.  Each Plaintiff is then directed to designate their
22 Persons Most Knowledgeable within twenty (20) days of receipt of
23 Defendants' requests.

24      IT IS SO ORDERED.
25 Dated: February 20, 2009

26

27                              _____
                               MORRISON C. ENGLAND, JR.
                               UNITED STATES DISTRICT JUDGE
28

                                  13