PETER H. DEKKER, SPECIAL MASTER
GRIFFITHS, CASTLE & LAWLOR GOYETTE
2000 Crow Canyon Place, Suite 190
San Ramon, CA 94583
(925) 904-0111
(925) 904-0110 Fax

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNTERRA CORPORATION, | Case No.: 2:04-cv-00784 MCE PAN |
| Plaintiff, | |
| vs. | RECOMMENDED FINDINGS AND RULINGS RE: PERINI MOTION TO COMPEL DOCUMENTS |
| PERINI BUILDING COMPANY, et al. | |
| Defendants. | |

AND RELATED CROSS-ACTIONS         /

    Defendant and cross-complainant Perini Building Co. (Perini) Motion to Compel Production of the Non-Redacted Interim Funding Agreement (IFA) by plaintiff, Diamond Resorts Corporation and its' affiliated entities (Plaintiffs), came on for hearing on December 3, 2008 before Peter H. Dekker, having been appointed Special Master pursuant to Stipulation of the parties and Court Order.

BACKGROUND

    This Motion to Compel brought by Perini involves a document in the possession of Plaintiffs entitled "Interim Funding Agreement" (IFA). Prior to requesting a formal hearing on this matter, the Special Master required Perini and Plaintiffs to meet and confer regarding production of the IFA. Following meet and confer efforts by counsel, Plaintiffs agreed to produce a redacted version of the IFA. Following review of the redacted document, Perini now objects and seeks to compel production

1

PDF created with pdfFactory trial version www.pdffactory.com

of the entire, non-redacted document. Plaintiffs have provided the Special Master with a complete un-redacted copy of the IFA for *in camera* review.

## PERINI MOTION TO COMPEL

Perini brings this Motion to Compel production of the entire non-redacted IFA and contends the document is relevant to their defenses in this case and therefore should be produced pursuant to Federal Rules of Civil Procedure 34(a)(1). Perini argues they have the right to review the entire non-redacted document to determine if they have a valid statute of limitation and/or standing affirmative defenses against the alleged assignees reflected therein. Perini further argues that any claims set forth by the alleged assignees must be scrutinized on the basis of standing and statute of limitations defenses.

Perini contends that Plaintiffs violated Pre-Trial Order No. 1 requirements regarding production of the IFA. Perini claims Plaintiff did not reveal the existence of the IFA and did not produce the redacted version until approximately August 2008, ten months after the IFA was signed by the parties in October 2007.

Perini also contends the IFA as produced, violates Federal Rules of Civil Procedure 26(B)(5)(A)(ii) which requires the production of a privilege log for any document withheld on the basis of privilege. Perini specifically points out that language contained in Pre-Trial Order No. 1 requires all parties to produce a list of any documents that are withheld based on any privilege. Perini claims that Plaintiff did not produce the required privilege log nor did they ever identify the document as being withheld on the attorney-client privilege. In light of this, Perini argues Plaintiff has now waived their right to claim any such attorney-client privilege related to the IFA.

Perini also points out that to facilitate the orderly, efficient and expeditious exchange of documents containing confidential information, the Court previously issued a Protective Order

PDF created with pdfFactory trial version www.pdffactory.com

regarding any such confidential information on October 31, 2007. (Exhibit A) Perini suggests the Order provides safeguards for the production of confidential documents such as the IFA. Perini contends Plaintiffs did not seek confidential document protections related to the IFA pursuant to the Court Order. In light of this, Perini argues Plaintiff should be compelled to produce the entire non-redacted IFA based on their failure to comply with the previous Court Protective Order.

Finally, following the December 3rd hearing, Perini submitted a letter brief to the Special Master requesting consideration of a development that had occurred related to the pleadings immediately after the hearing on the matter. Specifically, Perini pointed out that on the day after the December 3rd hearing, Plaintiff filed a Second Amended Complaint alleging that Plaintiff Diamond Resorts Corporation (not plaintiff Resort Management International, Inc.) was the assignee of all rights from Lake Tahoe Ownership Resort Owners Association. Perini further argued that this allegation was not set forth in the First Amended Complaint and that Plaintiff specifically omitted the allegation that Resort Management International, Inc. was an assignee of the Lake Tahoe Vacation Ownership Resort Owners Association. In light of the allegations set forth in the Second Amended Complaint filed after the hearing on the Motion to Compel, Perini contends they are entitled to review the entire non-redacted IFA.

## PLAINTIFFS' OPPOSITION

Plaintiff opposes Perini's Motion to Compel and argues the information withheld in the IFA is protected by the attorney-client privilege and therefore should not be produced. Plaintiff argues that the information in the IFA consists of confidential communications between jointly represented clients on a matter of common interest and further the IFA document was not disclosed to any third parties or otherwise waived.

3

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff further argues the IFA is not discoverable and that it is not relevant to any of Perini's defenses and therefore no privilege log was ever required pursuant to Federal Rules of Civil Procedure 26(B)(5)(A)(ii). Plaintiff contends the agreement between the parties regarding the funding of the litigation is private and privileged information and is not relevant to any defense Perini may have in the case. In light of this, Plaintiff suggests that it did not violate the requirements in Pre-Trial Order No. 1 regarding production of documents.

Plaintiff further argues they did not violate the provisions contained in the Protective Order issued by the Court specifically with respect to redacting information in the IFA.

## SPECIAL MASTER'S FINDINGS AND RULINGS

Following careful review of the briefs submitted and oral argument presented to date, the Special Master is not persuaded that Plaintiff has met their burden of proof to establish the IFA document is not relevant or that the IFA is protected by the attorney-client privilege. Accordingly, the Special Master rules plaintiff shall immediately produce the non-redacted IFA to the depository.

1. **Relevance:** Perini has adequately demonstrated that the IFA may be relevant to their defenses in the case and therefore the document is discoverable. Specifically, Perini has sufficiently established that there are numerous plaintiff entities in this complex case and the fact that at least three entities (Lake Tahoe Resort Partners, LLC, Lake Tahoe Vacation Ownership Resort Owners Association and Resort Management International, Inc.) have entered into an "Interim Funding Agreement" and assigned certain rights may impact how Perini and the subcontractor parties defend certain claims and causes of action asserted by those various entities, including but not limited to statute of limitations defenses, standing issues and plaintiff claims for attorneys fees. The evidence further establishes that on December 31, 2007 plaintiff filed a motion to amend the original Complaint. The First Amended Complaint added six new parties to the case and plaintiff's claimed to

4

PDF created with pdfFactory trial version www.pdffactory.com

be alleged assignees to contracts entered into between Perini and Lake Tahoe Resort Partners, LLC. The allegations in the First Amended Complaint referencing alleged assignments between the plaintiff parties suggests that any documentation related to those assignments would be relevant and therefore discoverable. In addition, Plaintiff's recent filing of the Second Amended Complaint wherein it is alleged that Diamond Resorts Corporation is an assignee of rights from Lake Tahoe Vacation Ownership Resort Owners Association further supports Perini's argument that the IFA is relevant and may provide information related to those assignments and the various plaintiff parties. In light of this and based on plaintiffs allegations set forth in the First and Second Amended Complaints, the Special Master is persuaded by the evidence submitted that the IFA is relevant and therefore discoverable. The Special Master specifically notes that this recommended ruling does not address the admissibility of the IFA at the time of trial. The admissibility of documents produced in this case, including but not limited to the IFA, shall be determined by the trial Judge pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

2. **Attorney Client Privilege:** The Special Master's determination that the IFA is relevant and therefore discoverable is further subject to plaintiff's argument that the document should not be produced based on the attorney-client privilege. In making this recommended ruling, the Special Master has carefully considered the importance surrounding the preservation of confidential communications between attorney and client. The burden of establishing the attorney-client privilege rests with the party asserting the privilege. *Tornay v. United States* (9th Cir. 1988) 840 F2d 1424, 1426. The attorney-client privilege protects confidential communications between a client and attorney from disclosure. The privilege applies when "necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F2d 127, 129. "Correspondence, bills, ledgers, statements,

PDF created with pdfFactory trial version www.pdffactory.com

and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching in particular areas of the law, fall within the privilege." *Clark v. American Commerce Nat'l Bank, supra* 974 F2d at 129. However, fee arrangements between a law firm and its clients are generally not shielded by either the attorney client-privilege or the work product doctrine. *Montgomery County v. MicroVote Corp.* (3d Cir. 1999) 175 F3d 296, 304. Billing statements that merely provide a general description of the work done are not privileged. *Clarke v. American Commerce Nat'l Bank, supra,* 974 F2d at 129. After careful consideration of the evidence presented to date, the Special Master is not persuaded by plaintiff's argument that the IFA is protected by the attorney client-privilege. The IFA is an agreement between three entities, Resort Management International, Inc.(RMII), Lake Tahoe Resort Partners, LLC(LTRP) and Lake Tahoe Ownership Resort Owners Association (HOA). The agreement, although prepared by plaintiff counsel, does not automatically render the document privileged. Documents do not become cloaked with the attorney client privilege merely because they are passed from the client to lawyer. *Fisher v. United States* (1976) 425 US391, 403-404, 96 S.Ct. 1569, 1577-1578; *United States v. Robinson* (5th Cir. 1997) 121 F3d 971, 975. The IFA, if produced in its entirety, would not reveal specific legal research or litigation strategy which would be protected from disclosure. Rather, the IFA is a document between the three entities and the redacted portion of that agreement relates to the funding of the litigation, which is not protected from disclosure. *Clarke v. American Commerce Nat'l Bank, supra* 974 F2d at 130.

In making this recommended ruling, the Special Master has further considered additional arguments raised by Perini in their brief. Specifically, Perini points out that plaintiff failed to identify the IFA in a privilege log immediately after the document was signed by the three entities. To the extent counsel believed the IFA was privileged, Perini argues plaintiff should have immediately

PDF created with pdfFactory trial version www.pdffactory.com

identified the document after it was signed in October 2007 and further identified the attorney-client privilege as the basis for not producing it to the depository pursuant to Pre-Trial Order No. 1. Pre-Trial Order No. 1 requires parties to produce their relevant, non-privileged documents to the depository located at MOA Deposition Reporters in Sacramento, California. In addition, Pre-Trial Order No. 1, Section 6 (c) requires all parties to submit a privilege log along with their production of documents stating the basis of any such privilege (attorney-client privilege, work product, trade secret etc.). The parties are also required to produce newly discovered documents within thirty (30) days after such discovery along with a notice of deposit to the depository pursuant to Pre-Trial Order No. 1, Section 6 (g). Moreover, Perini points out that plaintiff should have considered identifying the document as privileged based on the previous Court Protective Order issued by Judge England in this case. (Exhibit A) The evidence is clear that plaintiff failed to do either. It is undisputed that the evidence shows it was not until approximately August 25, 2008, ten months after the IFA had been executed by the various entities that counsel for plaintiff produced a redacted version of the document to defense counsel. (Mr. Sheridan declaration, page 1 line 18 through page 2 line 1) Furthermore, upon production of the redacted IFA to defense counsel, plaintiff counsel claims he explained that Diamond was claiming the attorney-client privilege. (Mr. Sheridan declaration, page 2 line 1) The redacted IFA was ultimately produced to the depository on August 28, 2008. (Mr. Sheridan declaration, page 2, line 2 through 5) An additional copy of the redacted IFA was produced to the depository on September 29, 2008, along with an index and claim of confidentiality based on the attorney-client privilege and claim the IFA was subject to the previous Court Protective Order. (Mr. Sheridan declaration page 2 line 6 through 11) Perini suggests the significant delay in first identifying and then ultimately producing a redacted version of the IFA is unreasonable and prejudicial to their defense in the case. Perini also argues plaintiffs significant delays with respect to identifying and

7

PDF created with pdfFactory trial version www.pdffactory.com

ultimately producing the redacted IFA constitutes a waiver of their right to assert the attorney-client privilege. Perini's arguments have merit and the Special Master agrees. Failure to file a log or index of privileged material may be deemed to waive the underlying privilege claim. *Dorf & Stanton Communications, Inc. v. Molson* Breweries (Fed.Cir. 1996) 100 F3d 919, 923. Timely and specific objections based on attorney-client privilege are required. *United States v. Moss* (6th Cir. 1993) 9 F3d 543, 550. Generally, a blanket refusal to produce documents based on attorney-client privilege is insufficient. *Burlington Northern & Santa Fe Railway Co. v. United States Dist. Ct. for Dist. Of Mont.* (9th Cir. 2005) 408 F3d 1142, 1149; *United States v. Hodgson* (10th Cir. 1974) 492 F2d 1175, 1177. The Special Master is deeply concerned that plaintiff did not identify the existence of the IFA until approximately 10 months after it was executed by the parties. The relevance of the IFA as noted herein is clear; the IFA contains information related to assignment of claims between various parties in the case. The plaintiffs own pleadings raise issues related to the various assignments between the parties, including but not limited to RMII, LTRP and the HOA. In light of this, it is inconceivable to the Special Master how plaintiff could reasonably believe that the IFA was not relevant and therefore subject to discovery pursuant to the requirements of Pre-Trial Order No. 1. Plaintiff should have identified the IFA in late 2007 after its execution by the three entities and specifically raised the attorney-client privilege at that time to preserve their rights and comply with the requirements set forth in Pre-Trial Order No. 1. The Special Master is also concerned that plaintiff did not raise the issue of confidentiality subject to Judge England's Protective Order. The Protective Order signed by Judge England on October 31, 2007 clearly sets forth specific procedures for parties to address confidential records produced in the case. Plaintiff failed to follow those procedures established by the Court Protective Order. At a minimum, plaintiff should have reasonably recognized the relevance of the IFA and sought protection of that document in late 2007 through the procedures established

8

PDF created with pdfFactory trial version www.pdffactory.com

pursuant to Judge England's Protective Order. Plaintiff's failure to follow the requirements of Pre-Trial Order No. 1 and Judge England's Protective Order are significant factors in the Special Master's ruling on this matter.

Finally, Perini cites *Chevron Corporation v. Pennzoil* Company (9th Cir. 1992) 974 F2d 1156 in support of their argument that plaintiff waived the attorney-client privilege because they tendered a confidential communication as an issue in the case. In that case, Chevron sought to compel documents that supported Pennzoil's belief that its tax position was reasonable and sound but Pennzoil refused claiming advice of counsel and attorney-client privilege. Chevron argued that the privilege was waived because Pennzoil affirmatively placed at issue the very information for which it was claiming the privilege. *Chevron Corporation v. Pennzoil Company, supra* 974 F2d at 1162. The Court held that the attorney-client privilege may not be used both as a sword and shield. "Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be waived." *Chevron Corporation v. Pennzoil Company, supra* 974 F2d at 1162, quoting from *United States v. Bilzerian* (2d Cir. 1991) 926 F2d 1285, 1292. In the present case, plaintiff has put the assignment of claims at issue as set forth in the First and Second Amended Complaints. In light of this, plaintiff should not be permitted to use the privilege as a sword and a shield and therefore the non-redacted IFA should be produced.

In summary, the Special Master is persuaded based on the evidence and argument presented to date that Perini's motion to compel production of the non-redacted IFA should be granted. Plaintiff has not met their burden of proof to establish the IFA is not relevant and therefore not discoverable in this case. Furthermore, plaintiff has not met their burden of proof that the IFA is protected by the attorney-client privilege. The plaintiff's failure to follow the requirements set forth in Pre-Trial Order No. 1 and Protective Order further support the Special Master's recommended

9

PDF created with pdfFactory trial version www.pdffactory.com

ruling on this matter. Therefore, plaintiff shall produce a copy of the non-redacted IFA to the depository. The Special Master makes no recommended ruling with respect to the admissibility of the IFA or any other document produced in this case. Admissibility of documents shall be determined by the trial Judge pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence. The Special Master further notes that this recommended ruling is limited to the production of the IFA document at issue in this motion. In making this recommended ruling, Plaintiff has not waived the attorney-client privilege with respect to any other documents that have been properly withheld or may be withheld on that basis in the future.

IT IS HEREBY ORDERED:

    RECOMMENDED:

Dated: March 10, 2009                        ____/S/___PETER H. DEKKER__
                                                  PETER H. DEKKER, Special Master

    IT IS SO ORDERED:

Dated: March 10, 2009

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com