UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUNTERRA CORPORATION, et al.,

        Plaintiffs,

    v.

PERINI BUILDING COMPANY, INC., et al.,

        Defendants.
_____

AND ALL RELATED CROSS ACTIONS.

No. 2:04-cv-00784-MCE-EFB

**ORDER**

----oo0oo----

In the present action, Plaintiff sued Defendant Perini Building Company ("Perini") for various breach of contract and breach of warranty claims in connection with the construction of Plaintiff's EVR Lake Tahoe Resort facility located in Lake Tahoe California. Perini acted as the general contractor on the project and it, in turn, filed cross claims against a variety of subcontractors involved with the project, including Cross-Defendant Overhead Fire Protection, Inc. ("Overhead").

1

Overhead now seeks to obtain a judicial determination that its settlement with Perini in the amount of $40,000.00 is a good faith settlement within the meaning of California Code of Civil Procedure § 877.6. That section provides in pertinent part, as follows:

>   (a) (1) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . .
>
>   ......
>
>   (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.
>
>   (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

Cal. Code of Civ. Proc. § 877.6.

The California Supreme Court, in <u>Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.</u>, 38 Cal. 3d 488, 494 (Cal. 1985) found that the main purpose of § 877.6 is to encourage both settlement and the equitable sharing of costs among the parties at fault. A district court may properly consult the provisions of § 877.6 in determining whether an early settlement meets the requisite good faith scrutiny. <u>See, e.g.</u>, <u>Federal Sav. and Loan Ins. Corp. v. Butler</u>, 904 F.2d 505, 511 (9th Cir. 1990).

//
//

1 The party asserting an absence of good faith has the burden or
2 proof in establishing that the settlement is so far our of the
3 ballpark in relation to the factors identified by Tech-Bilt[1] so as
4 not to merit protection under § 877.6.

5    Significantly, no opposition has been filed by any of the
6 numerous parties to this litigation suggesting that Overhead's
7 settlement was not made in good faith.  The evidence shows that
8 the settlement was reached following extensive negotiations with
9 Peter Dekker, the special master assigned to this case.  In
10 addition, Overhead has produced evidence suggesting that the
11 amount of its settlement substantially exceeds its share of the
12 remediation costs claimed by Plaintiffs in connection with the
13 construction project underlying this litigation.

14    Given these factors, and good cause appearing, Overhead's
15 Motion for Determination of Good Faith Settlement (Docket No.
16 757) is GRANTED.[2]  The Court accordingly finds as follows:

17    1.   That the settlement between Overhead and Perini in the
18 amount of Forty Thousand Dollars ($40,000.00) was made in good
19 faith pursuant to California Code of Civil Procedure § 877.6 and
20 the standards for good faith as set forth in Tech-Bilt, supra;
21 //

---

[1] Those factors include, inter alia, consideration of the amount paid in settlement in relation to the settlor's proportionate liability, the existence of fraud or collusion in reaching the settlement, and recognition that the settlor should pay less in settlement than if found liable following trial. Tech-Bilt, 38 Cal. 3d at 494.

[2] Because oral argument was not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

3

1     2.   That such settlement bars any pending or future cross
2 claims or complaints by alleged joint tortfeasors or co-obligors,
3 against Overhead, for equitable contribution or partial,
4 comparative, or implied indemnity related in any way to the
5 construction project at issue herein;
6     3.   That Perini's cross claim, to the extent it names
7 Overhead, shall be dismissed, with prejudice.
8     IT IS SO ORDERED.

Dated: July 14, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4